**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MICHELLE LEMMON, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:25-CV-128-TLS |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

The Plaintiff Michelle Lemmon seeks review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) erred by failing to include unscheduled breaks and absences in the residual functional capacity (RFC) and erred in evaluating her subjective symptoms. For the reasons set forth below, the Court finds that that there is no basis to remand for further review.

**PROCEDURAL BACKGROUND**

On March 11, 2021, the Plaintiff filed an application for disability benefits, alleging disability beginning on January 28, 2021. AR 21, ECF No. 8. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on May 23, 2023. AR 21, 38–68. On December 22, 2023, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 18–31. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g). On March 21, 2025, the

Plaintiff filed the Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief, and the Commissioner filed a response brief, ECF Nos. 14, 17. However, the Plaintiff did not file a reply brief, and the time to do so has passed.

## THE ALJ'S DECISION

For purposes of disability insurance benefits, a claimant is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(a)(3)(A); *see* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(a)(3)(B); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since January 28, 2021, the alleged onset date. AR 23.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of cardiomyopathy with ICD, congestive heart failure, migraine headaches, rheumatoid arthritis, Raynaud's syndrome, and obesity. AR 23.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R.

§ 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.00, 4.00, 11.00, and 14.00. AR 25.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can lift and carry 20 pounds occasionally, 10 pounds frequently, stand and walk for 4 hours in an 8 hour day, and sit for 6 hours in an 8 hour day. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She can frequently reach with both upper extremities. The claimant must avoid all exposure to extreme cold and hazards.

AR 25.

The ALJ then moves to step four and determines whether the claimant can do her past relevant work given the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). Here, the ALJ determined that the Plaintiff is not disabled because she is capable of performing her past relevant work as a contract administrator. AR 30, 31. The ALJ noted that this work does not require the performance of work-related activities precluded by the claimant's RFC. AR 30.

Because, in this case, the ALJ found that the Plaintiff could perform past relevant work, the ALJ did not proceed to step five of the analysis (whether, given her limitations, there are jobs

in the national economy that she could perform). *See Sevec v. Kijakazi*, 59 F.4th 293, 297 (7th Cir. 2023).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant

4

meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

The Plaintiff asserts two bases for reversal and remand. First, she argues that the ALJ erred by not including in the RFC any limitations based on her need for unscheduled breaks and absences due to chronic pain and fatigue from the severe impairments of migraine headaches, rheumatoid arthritis, and obesity. Second, the Plaintiff argues that the ALJ erred in evaluating her subjective symptoms. The Court addresses each in turn.

## A.    RFC—Migraine Headaches, Rheumatoid Arthritis, and Obesity Impairments

The RFC is a measure of what an individual can do despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); 20 C.F.R. § 404.1545(a)(1). The "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The relevant evidence of the individual's ability to do work-related activities includes the claimant's medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. The determination of a claimant's RFC is a legal decision rather than a medical one. *Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R.

§ 404.1527(d)). The ALJ must provide a narrative discussion of the record evidence and an explanation as to how the evidence supports the ALJ's RFC findings. SSR 96-8p, 1996 WL 374184, at *7.

In this case, at step two of the sequential analysis, the ALJ found that the Plaintiff has the severe impairments of cardiomyopathy with ICD, congestive heart failure, migraine headaches, rheumatoid arthritis, Raynaud's syndrome, and obesity. AR 23. After the step-three finding that the impairments do not meet or equal a listing, the ALJ found that the Plaintiff has the RFC to lift and carry 20 pounds occasionally, 10 pounds frequently; stand and walk for 4 hours in an 8 hour day, and sit for 6 hours in an 8 hour day; occasionally climb, balance, stoop, kneel, crouch, and crawl; and frequently reach with both upper extremities; but must avoid all exposure to extreme cold and hazards. AR 25.

The Plaintiff argues that the ALJ erred by not including in the RFC any limitations based on her need for unscheduled breaks and absences due to chronic pain and fatigue from the severe impairments of migraine headaches, rheumatoid arthritis, and obesity. However, as argued by the Defendant, the Seventh Circuit has stated that when no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error. *See Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) (finding that "a fundamental problem is [the claimant] offered no opinion from any doctor to set . . . any other limits, greater than those the ALJ set"); *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) ("When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error." (citing *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004))). Here, the Plaintiff has not identified any such medical opinion indicating that she has greater limitations than the ALJ set based on her claim of needing unscheduled breaks and absences.

Instead, in her brief, the Plaintiff points to Dr. Robert Gordon's conclusion from the August 28, 2022 consultative examination that "[b]ased on the [the Plaintiff's] complex medical history, it is reasonable to believe that she may suffer from severe fatigue and be unable to complete an 8-hour workday or 40-hour workweek." AR 1722. Although the Plaintiff is correct in that the ALJ did not address Dr. Gordon's conclusion, the Court finds no error because Dr. Gordon's conclusion, at most, "is tantamount to a statement about whether [the Plaintiff] could perform regular work," which is a call only the ALJ can make. *Jones v. Dudek*, 134 F.4th 991, 997 (7th Cir. 2025). As a result, as argued by the Defendant, "the ALJ had no obligation under the regulations to provide any analysis of Dr. [Gordon's] statement." *Id.* at 998 (citing 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3)).

Accordingly, the Court finds no error in the RFC assessed by the ALJ because the Plaintiff has not pointed to any medical opinion in the record supporting the Plaintiff's claim of needing unscheduled breaks and absences. *See Sherman v. O'Malley*, No. 23-1428, 2023 WL 8868065, at *3 (7th Cir. Dec. 22, 2023) ("[T]he absence of any medical report supporting Sherman's claim of needing to nap, lead[s] us to conclude that 'no purpose' would be served by a remand directing the ALJ to explain why she rejected this line of evidence." (citation omitted)). The Court also notes that the Plaintiff did not file a reply brief to respond to the Defendant's arguments in support of the RFC.

## B.    Subjective Symptoms

SSR 16-3p requires the ALJ to "consider all of the individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). The "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the

individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

"In evaluating the intensity and persistence of [the claimant's] symptoms, including pain, [the ALJ] will consider all of the available evidence, including [the claimant's] medical history, the medical signs and laboratory findings, and statements about how [the claimant's] symptoms affect [her]." 20 C.F.R. § 404.1529(a). The ALJ must consider all the available evidence from medical sources, nonmedical sources, and medical opinions. *Id.* § 404.1529(c)(1). However, the Agency "will not evaluate an individual's symptoms based solely on objective medical evidence unless the objective medical evidence supports a finding that the individual is disabled." SSR 16-3p, 2017 WL 5180304, at *5; *see* 20 C.F.R. § 404.1529(c)(2).

"Objective medical evidence is evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption." 20 C.F.R. § 404.1529(c)(2). This type of evidence "is a useful indicator to assist . . . in making reasonable conclusions about the intensity and persistence of [the claimant's] symptoms and the effect those symptoms, such as pain, may have on [the claimant's] ability to work." 20 C.F.R. § 404.1529(c)(2); *see* SSR 16-3p, 2017 WL 5180304, at *5. The ALJ must also consider "other evidence" the claimant submits about her symptoms. 20 C.F.R. § 404.1529(c)(3). This other evidence includes "any symptom-related functional limitations and restrictions" reported by medical or nonmedical sources that can reasonably be accepted as consistent with the objective and other medical evidence. *Id.* The ALJ must "consider all the evidence presented, including information about [the claimant's] prior work record, [the claimant's] statements about [her] symptoms, evidence submitted by [her] medical sources, and observations by [SSA] employees and [others]." *Id.* The regulations provide the following factors to be considered relevant to a claimant's symptoms:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

*Id.*

Also, as is relevant here, "[s]ubjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) (citation omitted). And an ALJ's subjective symptom assessment is entitled to great deference, and it should be upheld unless patently wrong. *See Summers*, 864 F.3d at 528; *Schmidt*, 496 F.3d at 843.

In this case, the ALJ found the Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms not fully consist with the record. AR 26. The Plaintiff argues that, in making that finding, the ALJ improperly disregarded the Plaintiff's pain testimony based on normal examination findings because he ignored objective evidence that supports the Plaintiff's testimony and failed to evaluate the Plaintiff's activities of daily living. However, the Court finds that, as argued by the Defendant, the Plaintiff has not shown that the ALJ's evaluation was "patently wrong" because she does not identify in the record the specific objective evidence that supports her testimony that she claims the ALJ ignored or the specific activities of daily living that support her testimony that she claims the ALJ did not evaluate. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("Here, the ALJ's determination was not patently wrong because of the many specific reasons the ALJ cited from the record."). Again, the Court notes that the

Plaintiff did not file a reply brief to respond to the Defendant's arguments in support of the ALJ's evaluation of the Plaintiff's subjective symptoms.

## CONCLUSION

For the reasons stated above, the Court DENIES the relief sought in the Plaintiff's Brief [ECF No. 14] and AFFIRMS the decision of the Commissioner of the Social Security Administration. The Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT stating:

> Final judgment is entered in favor of the Defendant Commissioner of Social Security and against the Plaintiff Michelle Lemmon, who takes nothing by her Complaint.

SO ORDERED on March 5, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
